United States District Court
Southern District of Texas
Houston Division

| | | |
|---|---|---|
| **In the Matter Of:** | § | |
| | § | |
| **A Transfer of Structured** | § | |
| **Settlement Payment Rights** | § | |
| **by Shantel Freelon** | § | |
| | § | |
| **RSL Funding, LLC,** | § | |
| | § | Civil Action No. 12-CV-1872 |
| Plaintiff, | § | |
| | § | Jury Trial Requested |
| vs. | § | |
| | § | |
| **J.G. Wentworth** | § | |
| **Originations, LLC** | § | |
| | § | |
| Defendant | § | |

### RSL FUNDING, LLC'S OPPOSED MOTION
### FOR NEW TRIAL OR MOTION TO ALTER OR AMEND JUDGMENT

Pursuant to Rule 59(a) and 59(e), RSL Funding, LLC ("RSL") moves the Court for a new trial, or alternatively moves the Court to alter or amend the order entered on December 20, 2013 (Dkt. 33) granting Defendant's motion to dismiss RSL's supplemental claim for declaratory relief. *See* FED. R. CIV. P. 59(a), (e). Rule 59(e) applies to any motion to alter or amend a judgment, which includes any order from which an appeal lies. *See id.* 59(a), (e). As such, relief under Rule 59(e) has ripened. Rule 59(a) empowers the Court to reconsider its decision to abstain and to grant a new trial in its discretion.

ARGUMENT AND AUTHORITIES

RSL agrees with the Court that a justiciable controversy exists to support the exercise of jurisdiction over this declaratory judgment action. On pages 10 and 11 of this Court's December 20, 2013 Order (Dkt. 33), however, the Court decided to abstain from deciding the "encumbrance issue." As framed by the Court, this issue turns on whether Defendant's practice of obtaining servicing arrangements, whereby it services non-assigned monies, constitutes an illegal and undisclosed encumbrance on payment rights not previously approved by a court in accordance with the Texas Structured Settlement Protection Act ("SSPA"). In reaching this conclusion, the Court determined that "the Texas appellate courts are at this moment considering essentially the same issue, and it is a matter of state law, the court does not believe it is proper to exercise its jurisdiction in this case." Dkt. 33 at 11.

RSL wants to be clear: It is not claiming that all servicing arrangements are an undisclosed encumbrance on payment rights not previously approved by a court pursuant to the Texas SSPA. Yet RSL does assert that a servicing arrangement is an undisclosed encumbrance when the servicing arrangement is used as the basis of an objection to prevent an individual from selling previously non-assigned monies to a competitor in a

subsequent transaction. To be sure, RSL enters into servicing arrangements where necessary, but it never uses the servicing arrangement as the basis to object to an individual's decision to enter into a subsequent transaction with a competitor.

RSL points out that the Texas appellate court that will decide the companion case involving the Freelon transfer will not be considering the "encumbrance issue" on the merits. The state district court judge who approved the transfer by Shantel Freelon made clear on the record that the "encumbrance issue" is still with the federal court. It is axiomatic that "[a]n order that does not yet exist cannot be appealed, nor can an order be added to an appeal *post hoc*." *U.S. CFTC v. Rice*, 498 F. App'x 462, 466 (5th Cir. 2012).

Exhibit A excerpts the relevant portion of the transcript of the hearing that took place on November 2, 2012, wherein the state district court judge noted that the encumbrance issue is one reserved for the federal court. Within the same transcript, counsel for Defendant here agrees that the state district court "can't decide any of the encumbrance issues." *See* Exhibit A. The state court in turn never decided the issue.

The state district court carved the "encumbrance issue" out of the concurrent case pending in the Harris County court. The Texas state court

and the parties to the transfer case proceeded with the understanding that this Court alone will decide the "encumbrance issue." As such, this Court should have declined to surrender jurisdiction under any abstention doctrine. The Court should therefore vacate or alter its order abstaining from deciding the "encumbrance issue" under the belief that it would be decided by the state appellate court and grant RSL a new trial.

### CONCLUSION AND PRAYER FOR RELIEF

RSL respectfully requests the Court to vacate the Order entered on December 20, 2013 (Dkt. 33) granting Defendant's motion to dismiss RSL's supplemental claim for declaratory relief grant a new trial, or in the alternative, to alter or amend that Order to eliminate the ruling on absention. To do so enables the Court to decide the "encumbrance issue" as carved out of the concurrent state court case by the Harris County trial court. RSL prays for such other and further relief available under and authorized by Texas or federal law.

Respectfully submitted,

 /s/ *John R. Craddock*
John R. Craddock
State Bar No. 04969800
E. John Gorman
State Bar No. 08217560
Two Post Oak Central

1980 Post Oak Blvd., Suite 1975  
Houston, Texas 77056-3899  
(713) 850-0700  
(713) 850-8530 (fax)

**ATTORNEYS FOR PLAINTIFF**
**RSL FUNDING, LLC**

### CERTIFICATE OF CONFERENCE

I certify that I contacted David Vassar, counsel for J.G. Wentworth Originations, LLC, on January 17, 2014, about the relief requested by this motion, which his client opposes.

                         /s/ *E. John Gorman*  
                         E. John Gorman

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on all counsel of record as set forth below on January 17, 2014.

Earl S. Nesbitt  
NESBITT, VASSAR & MCCOWN, LLP  
Attorneys for JG Wentworth Originations, LLC  
15851 Dallas Parkway, Suite 800  
Addison, TX 75001

                         /s/ *E. John Gorman*  
                         E. John Gorman