UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RSL FUNDING, LLC, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-1872 |
| | § | |
| JG WENTWORTH ORIGINATIONS, LLC, | § | |
|     *Defendant*. | § | |

**ORDER**

Pending before the court is plaintiff RSL Funding, LLC's ("RSL") motion for a new trial or to alter or amend judgment. Dkt. 34. The court has reviewed the motion, response, and the state court appellate briefing submitted by defendant JG Wentworth Originations, LLC ("JGWO"), and is of the opinion that its initial order was correct and that RSL's motion should be DENIED.

In RSL's supplemental pleading, which is the complaint in this case, RSL sought a declaration that JGWO, by entering into certain agreements relating to servicing annuitants' structured settlement rights, "has imposed an encumbrance on structured settlement payment rights not transferred to it by a court of competent jurisdiction."[1] Dkt. 1 (at page 93 of the electronic record). There are currently two cases on appeal in Texas in which RSL argues that the appellate court should "reject JGWO's efforts to urge this unenforceable encumbrance as a ground for objections to [the annuitants'] transfer to RSL." Dkt 39-3 at 29; Dkt. 39-4 at 37. If the state appellate court reaches this argument, it must make a determination whether JGWO's servicing

---

[1] RSL actually sought five different declarations. Dkt. 1. Four of the five requested declarations relate to RSL's assertion that JGWO's servicing agreement is an unlawful encumbrance and that JGWO should not be permitted to object to future assignments by annuitants to RSL by relying on the alleged unlawful encumbrance. *Id.* RSL also sought a declaration that JGWO was subject to a federal excise tax because it asserted an unlawful encumbrance. *Id.* RSL does not take issue with the court's dismissal of that aspect of its claim. *See* Dkt. 34.

agreement was an "unenforceable encumbrance." Thus, it must reach precisely the issue in this case, though in reference to those particular cases rather than with regard to the use of the alleged encumbrance in general. As stated in its original order, abstention is appropriate here, as the state offers an adequate and appropriate forum to resolve this dispute.

Accordingly, RSL's motion for a new trial or to alter or amend judgment (Dkt. 34) is DENIED.

Signed at Houston, Texas on April 2, 2014.

_____
Gray H. Miller
United States District Judge