IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RSL FUNDING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-1872 |
| | § | |
| JG WENTWORTH ORIGINATIONS, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On March 22, 2017, the United States Court of Appeals for the Fifth Circuit issued an opinion in *Settlement Funding, L.L.C. v. Rapid Settlements*, No. 16-20109, slip op. (5th Cir. Mar. 22, 2017), in which both the plaintiff and the defendant in this case were parties. In the case before the Fifth Circuit, Settlement Funding, LLC, Peachtree Settlement Funding, LLC, and an individual annuitant sued Rapid Settlements, Limited, Rapid Management Corporation, RSL Funding, LLC, and Stewart A. Feldman in state court, alleging tortious interference with a contract and other claims. *See id.* at 2 n.1; *id.* at 3. The case and a similar suit were consolidated. *See id.* at 4.

In 2012, six years after the state case was originally filed, the defendants asserted new claims against JG Wentworth SSC LP, JGWPT Holdings, LLC, JLL Partners, Inc., David Miller, and JG Wentworth Originations, LLC (collectively the "Wentworth Entities"). *See id.* & n.5. The Wentworth Entities, which were related to the plaintiff entities, removed the action on the basis of both diversity jurisdiction and federal question jurisdiction. *Id.* at 4. The Wentworth Entities were subsequently dismissed. *Id.* The district court granted summary judgment against the plaintiffs on the merits, and the plaintiffs appealed. *See id.* at 5. On appeal, the defendants raised, for the first time, the argument that the district court did not have subject matter jurisdiction. *See id.*

The Fifth Circuit examined both of the Wentworth Entities' bases for federal jurisdiction. *See id.* at 5-11. The Fifth Circuit found neither diversity nor federal-question jurisdiction and vacated the district court's opinion, remanding the case with directions to remand it to state court. *See id.* at 11. Of particular importance to the case presently before this court, the Fifth Circuit noted that "the removal notice failed to allege complete diversity because it did not adequately allege the citizenship of every party; that is, it failed to allege the citizenship of each member of the many LLC- and partnership-litigants" as required. *Id.* at 8–9 (stating that the removing party "must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation"). On appeal, the plaintiffs were unable to meet their burden of establishing complete diversity at the time of removal, even admitting that they did not know the citizenship of every member of at least three of the indirect member entities of both Settlement Funding, LLC, and Peachtree Settlement Funding, LLC. *See id.* at 10 n.13; *id.* at 11.

The Fifth Circuit's decision raises this court's concern that subject matter jurisdiction may also be lacking in the instant action. Here, JG Wentworth Originations, LLC, removed this action on June 22, 2012,[1] solely on the basis of diversity jurisdiction. Dkt. 1. In support, JG Wentworth Originations, LLC, represented that it was "a Nevada limited liability company" with its principal place of business and citizenship in Pennsylvania, but did not allege the citizenship of each of its members. *Id.* at 4.

---

[1] The Wentworth Entities removed *Settlement Funding, L.L.C. v. Rapid Settlements*, in mid-2012. *See Settlement Funding LLC v. RSL Funding, LLC*, No. H-12-2044, 2014 WL 12537144, at *3 (S.D. Tex. June 20, 2014) (stating that the Wentworth Entities removed the action after they were first added to the lawsuit in June 2012).

The court finds it appropriate to allow JG Wentworth Originations, LLC, the opportunity to demonstrate complete diversity by establishing the foreign citizenship of all of its members at the time of removal of this case. Because this court's jurisdictional authority is in doubt, the court cannot issue any decision on the merits of the case at this time.

Therefore, the court **VACATES** the Magistrate Judge's Memorandum and Recommendation (Dkt. 59) and **DENIES** JG Wentworth Originations, LLC's Motion for Summary Judgment (Dkt. 52) and RSL Funding, LLC's Motion for Partial Summary Judgment (Dkt. 53) at this time without prejudice. If JG Wentworth Originations, LLC, establishes that this court can exercise subject matter jurisdiction over this case, the court will reconsider the parties' motions for summary judgment. JG Wentworth Originations, LLC, is **ORDERED** to file a brief and supporting evidence of the citizenship of each of its members by April 7, 2017.

Signed at Houston, Texas on March 24, 2017.

_____
Gray H. Miller
United States District Judge